F I L E D
**United States Court of Appeals
Tenth Circuit**

**MAR 14 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DAVID H. JOHNS,

        Petitioner-Appellant,

v.

STEPHEN W. KAISER, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

        Respondents-Appellees.

No. 96-7031
(D.C. No. CV-90-23-S)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,[**] District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Robin J. Cauthron, District Judge, United States District Court
for the Western District of Oklahoma, sitting by designation.

Petitioner appeals the district court's denial of his Fed. R. Civ. P. 60(b)(6) motion seeking relief from that court's 1990 judgment denying him federal habeas relief, 28 U.S.C. § 2254, from his Oklahoma convictions for felony murder and conspiracy to commit armed robbery. This court dismissed the appeal from the 1990 denial of habeas relief because petitioner failed to make a substantial showing of the denial of a federal right. Petitioner may not use Rule 60(b) to circumvent rules against abuse of the writ. Petitioner fails to allege or prove any circumstances that would justify the filing of a successive writ or that would require reconsideration of his original grounds for relief. Because we review the district court's denial of Rule 60(b)(6) relief for an abuse of discretion, Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 39 F.3d 1482, 1491 (10th Cir. 1994), we affirm.

Petitioner contends that intervening changes in the law, retroactively applicable to his case, require reconsideration of his § 2254 claims. Aside from the fact that between his first and second petitions, there have been no intervening changes in the law, even if there have been, ordinarily new constitutional rules of criminal procedure will not be applied on collateral review. See generally Teague v. Lane, 489 U.S. 288, 305-10 (1989).

Petitioner is not entitled to Rule 60(b)(6) relief on his claims both because relief based upon post-judgment changes in the law is ordinarily not available

under Rule 60(b)(6), <u>see</u> <u>Johnston v. Cigna Corp.</u>, 14 F.3d 486, 497 (10th Cir.

1993), and because petitioner's purported new authority is not relevant.

The judgment of the United States District Court for the Eastern District of

Oklahoma is, therefore, AFFIRMED.  The mandate shall issue forthwith.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge